TYACK, J., dissenting.
{¶ 40} The reasons for failing to accept and reduce to judgment the results of an arbitration are very few. In my view, none are present here, so I believe the trial court erred in overturning the results of the arbitration proceedings.
{¶ 41} The arbitrator clearly had the authority to address the issue of what penalty should be applied to Danielle Lazaro. The arbitrator also had the authority to determine if physical abuse occurred. The arbitrator used that authority to determine that Lazaro should not be fired and instead should be given a 30-day suspension. The arbitrator clearly addressed the key issue submitted for arbitration.
{¶ 42} The Office of Collective Bargaining and the Ohio Department of Developmental Disabilities wanted Lazaro to be fired, despite the finding of the arbitrator. They argued that the arbitrator exceeded her authority under the applicable collective bargaining agreement. That argument simply has no merit. The arbitrator addressed the issues submitted by the parties for arbitration and reached a result which the Office of Collective Bargaining and Ohio Department of Developmental Disabilities did not like.
{¶ 43} The fact a party does not like the result reached by an arbitrator is not a valid basis for vacating the award. If that were the case, no arbitration award would ever become final or be reduced to judgment. Someone involved in the arbitration always thinks that a better result could have been reached.
{¶ 44} Here, the arbitrator addressed the very issue submitted by the parties. The arbitrator cannot be said to have exceeded her authority in addressing the issues the parties agreed to arbitrate. Since that is simply not so, I reject the majority opinion. I would sustain the first assigned error, vacate the trial court's judgment, and remand the case to the trial court with instructions to render a judgment which journalizes the arbitrator's final decision.